MILLER KORZENIK SOMMERS RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

February 12, 2020

**By ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States Courthouse, S.D.N.Y.
40 Foley Square, Room 415
New York, NY 10007

Re:   *Michael Grecco Prods., Inc. et al. v. Guardian News and Media LLC*,
      No. 1:19-cv-05672-VSB
      **Letter in Opposition to Plaintiffs' Request to Modify Order (ECF No. 37)**

Dear Judge Broderick:

We represent Guardian News and Media LLC ("Guardian").  We write to oppose Plaintiffs' ("Grecco") request to modify Your Honor's suspension of the case management plan pending mediation before Magistrate Judge Freeman (ECF No. 34), and by extension, Magistrate Judge Freeman's January 8, 2020 Order (ECF No. 37).  The latter Order denied Grecco's request for discovery and directed the parties to cooperate "in sharing basic factual information" to facilitate settlement discussions in the upcoming mediation.

The parties are set to hold a settlement conference before Magistrate Judge Freeman tomorrow.  *See* Minute Entry dated Jan. 8, 2020.  While we believe tomorrow's settlement conference still could be productive, we are concerned that Grecco's letter motion today is an attempt to shake out of the mediation proceedings, and divert attention from *Grecco's* failure to provide "basic factual information" to Guardian.  This basic information was the subject of prior telephone conferences with and order by Magistrate Judge Freeman.  *See* ECF No. 37.

*Grecco Reveals Mediation Exchanges*: Grecco's latest filing opens to the door to the parties' confidential mediation discussions.  He attaches as exhibits to his letter motion emails between counsel that address our initial telephone conferences with Magistrate Judge Freeman, our pre-mediation disclosures and our settlement discussions.  That is not ordinarily accepted practice.  But since Grecco has opened the door to it, we will address it here.

*Grecco Repeatedly Delays Basis Licensing Information*: We asked Grecco to provide information about *actual licensing fees* for the photo at issue (the "Photo").  Grecco's counsel agreed that the offered Web editorial licensing fee for the Photo on *Grecco's licensing website*, www.mgpstockphotos.com, was $1,356 for a "spot" use for one year and $2,520 for a "half-screen" use for one year.  We asked if any such fees were

ever *actually* accepted and paid for.  Judge Freeman asked him to inform us of any such grants.  *See* ECF Nos. 40-4, at 1; 40-6, at 3.  That basic information was important since Guardian had predicated a Fed. R. Civ. P. 68 Offer of Judgment on a 4x multiple of the Grecco website's quoted "spot" fee.  Mr. Weichsel, Grecco's counsel, instead provided us with an expert report contending that alleged use was really a "half page" in size, and not a "spot."  Nonetheless, Guardian's Rule 68 offer had exceeded 2x the $2,520 "half-screen" license offered on Grecco's website.  In a second call with Judge Freeman, we again asked for evidence of *actual* licenses at those rates and Judge Freeman again asked that Grecco provide it.  *See* ECF No. 40-6, at 3.  Mr. Weichsel was then and is still insisting on settlement at $30,000.00.  *See* ECF No. 40-4, at 1.  But even a 5x multiple of the Grecco website's $2,520 "half-screen" rate would not come close to that.

*Grecco's "SMPerth" Diversion:* On December 31, 2019, Mr. Weichsel informed us of the appearance of the *text* of the Guardian article on several third-party websites, including one named "SMPerth" – but he showed no evidence then that the Photo had appeared on SMPerth or the other sites.  *See* ECF Nos. 40-2, at 1; 40-5, at 7; *compare* ECF No. 1, at 3, 10 (Complaint alleged Guardian use of Photo), *with* ECF No. 40-5, at 4-8 (proposed alleged evidence of "syndication").  Earlier on December 31, 2019, in response to Mr. Weichsel's prior suggestion of "syndication," we had told him that Guardian had found no indication the its licensing department had "syndicated" or licensed the Photo.  *See* ECF No. 40-2, at 1-2 (email correspondence).  We confirmed in January that Guardian still had found no indication of having "syndicated" the Photo to third-parties after Mr. Weichsel informed us of SMPerth.  *See* ECF No. 40-4, at 1.  In all events, Mr. Weichsel had not shown us any indication of use of the Photo by SMPerth or any other third-party site.  The Photo did not appear on the SMPerth screen-grab that he had sent us.  *See* ECF No. 40-5, at 7.

*Grecco Finally Admits to No Actual Licenses at the Rates He Earlier Claimed*: Mere days before the parties' respective pre-conference statements and joint status report were due before Magistrate Judge Freeman (*see* Minute Entry dated Jan. 31, 2020), Mr. Weichsel sent us two items: 1) An admission that Grecco has not licensed the Photo through the mgpstockphotos.com website at the website list prices; and 2) a copy of an image of SMPerth's use of the Guardian article – this time with a copy of the Photo (*see* ECF No. 40-5, at 1).

We checked again.  The Guardian licensing department showed no licenses ever granted to SMPerth for use of the Photo.  Consistent with Guardian's prior acknowledgement that it had never licensed the article with the Photo, *see* ECF No. 40-2, at 1-2, its further records showed that Guardian had given a **non-commercial** permission to use **the text** of its article to a third-party website but not the Photo.  *See* ECF No. 40-6, at 1.  It appears that the third-party website in question, SMPerth.com, based on a false representation that it was a non-commercial "developer" user, received Guardian's Open Platform API key that would have allowed it to use the text of the article.  *See* https://open-platform.theguardian.com/access/  (outlining "Open Platform" free

2

"Developer" access for "non-commercial usage" of "article text").[1]  Moreover, the "developer" API key prevents third-party users from obtaining any images hosted on Guardian's website larger than a thumbnail resolution.  No third-party could have obtained any high-resolution photo – irrespective of its size – from any Guardian article with such a non-commercial API key.  The apparent use of the Photo by SMPerth could not have happened with Guardian's approval; and it could not have happened via the non-commercial API key.

*No Permission Ever Granted to SMPerth to Use the Photo*: The answer to Mr. Weichsel's inquiry whether Guardian ever granted to any third party a license to use the Photo is simple and it is the same answer we provided earlier: No, it did not.  Guardian did not grant to SMPerth any license to use the Photo in conjunction with the article – not as the Photo was depicted in Mr. Weichsel's screengrab.  What SMPerth did was an infringement of Guardian's article, as its website carried advertisements against Guardian text in violation of the "non-commercial" Developer permission it had obtained.

Grecco's attempt to press ahead with discovery on a subject that has been entirely and several times answered, devoid of any support, is merely an attempt to sabotage tomorrow's mediation conference and to divert attention from Grecco's failure to show actual licenses that he represented he had earned.  His latest filing demonstrates his unwillingness to participate in good-faith mediation discussions.  He makes unsupported allegations about licenses that *do not exist* on the literal eve of tomorrow's scheduled mediation conference.

Meanwhile, Grecco *still* refuses to share "basic factual information" that Guardian requested six months ago, and that the Magistrate Judge Freeman ordered Grecco to produce in her January 8, 2020 Order.  *See* ECF No. 37; ECF No. 40-6, at 3.

Even with the recent admission that he had no licenses at the rates posted on his website, Grecco continues to withhold "basic factual information" as to whether he ever licensed the Photo through the mgpstockphotos.com website to any third party *at any rate*.

Grecco continues to withhold other "basic factual information" that would show whether a purported $12,500 "license" in 2015 from Grecco to a Business Insider website was in fact part of a *settlement* agreement and not as a stand-alone license made in the normal course of business.  *See, e.g.*, ECF No. 40-5, at 2.

In the face of Grecco's failure to share "basic factual information," it is all the more difficult for Guardian and the Court to engage in meaningful settlement discussions.  Rather than participate in good faith, Grecco now actively seeks to derail any prospect of meaningful mediation discussions.  That will ramp up Guardian's costs and force it to

---

[1] Guardian's Terms & Conditions for the use of a non-commercial API key expressly prohibit commercial use of its content. *See, e.g.*, Terms and conditions, https://www.theguardian.com/open-platform/terms-and-conditions, at ¶8(b).

settle at a higher amount – not because of the good faith value of the claim, but purely because of the higher cost of defense.  This is a common tactic of plaintiffs in photo infringement cases.

      The Court should deny Grecco's discovery demand.  We still hope to resolve the matter via mediation.  That is still to us the most reasonable way to deal with the claim – to seek out some objectively fair basis for settlement.  If Grecco's case does not settle then, needless to say, we can revisit discovery.

                                  Respectfully submitted,

                                  /s/ David S. Korzenik
                                  David S. Korzenik

cc:      Counsel of Record, by ECF
          Hon. Debra C. Freeman, U.S.M.J., by fax